# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CORNELIUS P. LAUGHLIN | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO.: 10-CV-1956 |
| DONALD GAETZ, Warden, Menard Correctional Center, | ) ) ) ) | Judge Robert M. Dow, Jr. |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent Donald Gaetz's motion to dismiss [14] Petitioner Cornelius P. Laughlin's petition for habeas corpus on the ground that the petition is time barred under the one year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, the Court grants Respondent's motion [14], and Petitioner's petition for habeas corpus is dismissed with prejudice.

**I.     Background**

On November 10, 2000, Petitioner and another man shot and killed Osciel Morales. *See* Appellate Court Order, *People v. Laughlin*, No. 1-03-1618. (Ill. App. Ct. 1st Dist. Oct. 5, 2006), at 2, 7, Ex. A to [16]. Petitioner was charged with first degree murder and tried before a jury in the Circuit Court of Cook County, Illinois. *Id*. at 1. On May 2, 2003, the jury found Petitioner guilty of first degree murder. *Id*. The trial court then sentenced Petitioner to thirty-two years in prison for the murder and an additional twenty-five years for Petitioner's discharge of a firearm

in the course of the murder. *Id.*; see 730 ILCS 5/5-8-1(1)(d)(3) (West 2000). Petitioner is now in the custody of Respondent, the Warden of the Menard Correctional Center in Menard, Illinois.

On October 5, 2006, the Illinois Appellate Court, on direct appeal, affirmed Petitioner's conviction. See Appellate Court Order, Ex. A to [16] at 39. Petitioner then filed a petition for leave to appeal ("PLA") in the Illinois Supreme Court that was denied on March 28, 2007. See Order denying PLA, *People v. Laughlin*, No. 103873, 865 N.E.2d 973 (Ill. 2007) (Table).

On May 9, 2003, while his direct appeal was still pending, Petitioner filed a postconviction petition pursuant to the Illinois Postconviction Hearing Act (codified at 725 ILCS 5/122-1, *et seq.*) in the Circuit Court of Cook County, Illinois.[1] The state trial court denied the petition on July 18, 2003. See Order dismissing postconviction petition, *People v. Laughlin*, No. 01 CR 5781 (Cir. Ct. Cook Cty., Ill. July 18, 2003), at 4, Ex. D to [16]. Petitioner did not appeal that judgment.

On August 30, 2007, Petitioner filed a second postconviction petition in the Circuit Court of Cook County, Illinois along with a motion for leave to file that petition. On October 26, 2007, the Circuit Court of Cook County denied the motion and assessed Petitioner a $150 fine for filing a frivolous pleading. See Order denying postconviction petition as successive, *People v. Laughlin*, No. 01 CR 5871 (Cir. Ct. Cook Cty., Ill. Oct. 26, 2007), Ex. H to [16]. Petitioner appealed the denial of leave to file a successive postconviction petition to the Illinois Appellate Court, First District, which affirmed the denial on February 26, 2009. See Appellate Court Order, *People v. Laughlin*, No. 01 CR 5871 (Ill. App. Ct. 1st Dist. Feb. 26, 2009), Ex. E to [16].

---

[1] For purposes of ascertaining filing dates, the Court (and Respondent) has assumed that Petitioner filed all documents on the date that Petitioner signed, dated, and notarized them, rather than on the file-stamp date provided by the Clerk's office. See, *e.g., Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (mailbox rule extended to pro se habeas petitions). This approach gives Petitioner the benefit of the earliest possible filing date.

Petitioner then filed a PLA with the Illinois Supreme Court, which denied the PLA on September 30, 2009. Order denying PLA, *People v. Laughlin*, No. 108524, 919 N.E.2d 360 (Ill. 2009) (Table).

On March 24, 2010, Petitioner filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 [1]. The petition claims that (1) the trial court erred in refusing to give a prior inconsistent statement instruction; (2) the trial court should have excluded certain expert testimony; and (3) trial counsel was ineffective for neglecting to thoroughly cross-examine a witness. (*Id.* at 6-18). Respondent filed the instant motion to dismiss on June 8, 2010. The Court set July 16, 2010 as the due date for Petitioner's response [17]. On November 29, 2010, Petitioner filed a motion for leave to file a late response, which the Court granted [19, 20]. Respondent did not file a reply.

**II.    Analysis**

It is undisputed that Petitioner has no further state court avenues of review, and thus he has exhausted his available state remedies as required by 28 U.S.C. § 2254(b). The question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one year statute of limitations for Section 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A)    the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As an initial matter, Petitioner does not allege an impediment to filing, a retroactively applied constitutional right, or a recent discovery of the factual predicate of a claim, see § 2244(d)(1)(B-D), and upon review of the materials filed to date, the Court concludes that none of those circumstances are present here. Accordingly, the date of the conclusion of direct review marks the start of the limitations period. See § 2244(d)(1)(A).

Petitioner's conviction became final under § 2244(d)(1) on June 26, 2007 — ninety days after the Illinois Supreme Court denied his PLA on direct review — when the time to file a petition for a writ of certiorari in the Supreme Court of the United States expired. See, *e.g. Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002) (holding that, for purposes of § 2244(d)(1)(A), a conviction becomes final when the time to file a petition for certiorari in the United States Supreme Court expires); *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (same). Therefore, Petitioner's federal habeas petition was due in this Court on or before June 26, 2008. See *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (one-year period concludes on anniversary date of denial).

In the absence of the special circumstances recognized in § 2244(d)(1)(B)-(D) – which are not present here – tolling doctrines present another potential vehicle for saving an otherwise untimely petition. But, as explained below, they apply only in narrow circumstances that are not present in this case.

First, § 2244(d)(1) provides that the one-year limitations period is tolled during the pendency of a "properly filed" application for postconviction relief. See *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Petitioner filed his first postconviction petition on May 9, 2003, and the petition was dismissed as frivolous on July 18, 2003—before the conclusion of Petitioner's direct appeal. Petitioner did not appeal the dismissal of his petition. Accordingly, Petitioner's first postconviction petition had no tolling effect because Petitioner stopped litigating the petition before his conviction became final.

Petitioner tried to file a second postconviction petition on August 30, 2007. Under Illinois law, petitioners must seek leave of court before filing a successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2004); *People v. DeBerry,* 868 N.E.2d 382, 384 (Ill. 2007). Accordingly, the state trial court construed the petition as a request for leave and denied the request. See Order denying postconviction petition as successive, *People v. Laughlin*, No. 01 CR 5871 (Cir. Ct. Cook Cty., Ill. Oct. 26, 2007), 2-4, Ex. H to [16]. Petitioner appealed that decision, but the denial was affirmed by the Illinois Appellate Court, and the Illinois Supreme Court later denied his PLA. Because Petitioner was denied leave to file a successive petition, his September 19, 2007 petition was not "properly filed" and thus did not toll the statute of limitations under § 2244(d)(2). See *Pace,* 544 U.S. at 417 (postconviction petitioner rejected by state court as untimely was not "properly filed" for purposes of statutory tolling under Section 2244(d)(2)); *Martinez*, 556 F.3d at 639 (holding that because petitioner "was denied permission

to file a successive petition [by the Illinois courts], his request was not a properly filed postconviction action [and] [t]hus it did not toll the limitations period under § 2244(d)(2)"); see also *id*. ("the period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission is granted"); *Tinker v. Hanks,* 255 F.3d 444, 445-46 (7th Cir. 2001).[2]

In his response, Petitioner argues "if the request to file a successive petition does not toll the statute of limitations under Section 2254, then surely the appeal of the successive post-conviction petition's denial tolled the statute of limitations." (Pet. Resp. [19] at 2). Petitioner argues that the time from December 14, 2007 (when he filed his notice of appeal of the denial of his second post-conviction petition) to September 30, 2009 (when the Illinois Supreme Court affirmed the trial court's denial of Petitioner's request to file his successive petition) should be tolled. Were the Court to accept Petitioner's argument, his petition for habeas corpus would be timely, as only 346 days of untolled time would have passed between the day Petitioner's conviction became final and the filing of the instant petition.

The Court respectfully rejects Petitioner's argument. The Seventh Circuit has made it clear that "the period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission is granted." *Martinez*, 556 F.3d at 639. This language draws no distinction between the original request and the appeal thereof. Other courts in this district have interpreted the rule clarified in *Martinez* for calculating the timeliness of a habeas petition to foreclose tolling of the time spent

---

[2] In 2002, the Seventh Circuit held that a successive postconviction petition tolled the statute of limitations because, at that time, Illinois did not require a state prisoner to obtain permission to file a successive petition. See *Martinez*, 556 F.3d at 638 (citing *Smith v. Walls,* 276 F.3d 340, 344-45 (7th Cir.2002)). However, on January 1, 2004, the Illinois General Assembly changed the law to provide that a petitioner must request permission from the court before filing a successive postconviction petition. See

appealing a denial of a request to file a successive postconviction petition – "unless permission is granted," which it was not in this case. See *Coleman v. Gaetz*, 2010 WL 3802360, *4 (N.D. Ill. Sept. 27, 2010) (citing *Martinez*, 556 F.3d at 638-39) (statute of limitations for filing habeas petition not tolled during pendency of appeal of denial of request to file successive state postconviction petition); *Dixon v. Gaetz*, 2010 WL 3199692, *1 (N.D. Ill. Aug. 12, 2010) (same).

Finally, the Court's review of the record does not reveal any circumstances that would entitle Petitioner to make use of the doctrine of equitable tolling. The Supreme Court recently affirmed that the timeliness provision in the federal habeas corpus statute *is* subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, equitable tolling is only available to a petitioner who can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Id.* (citing *Pace,* 544 U.S. at 418); see also *Janssen v. Pugh*, 2010 WL 3521962, *1 (7th Cir. Sept. 9, 2010)). Equitable tolling is granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000).

Nothing on this record indicates that any extraordinary circumstance prevented Petitioner from complying with AEDPA's limitations period. Petitioner's legal inexperience, *pro se* status, and state of incarceration are not extraordinary circumstances that justify his untimely filing—those kinds of "run-of-the-mill difficulties" are not legally-sufficient excuses for complying with AEDPA's timeliness provisions. *Janssen*, 2010 WL 3521962, at *1 (citing *Tucker v. Kingston,* 538 F.3d 735, 735 (7th Cir. 2008) (holding that lack of legal experience is not an

---

725 ILCS 5/122-1(f) (West 2004). Petitioner filed his second postconviction petition in 2007, well after the change in law.

7

extraordinary circumstance justifying equitable tolling); *Johnson v. McCaughtry,* 265 F.3d 559, 566 (7th Cir. 2001) (holding that incarceration is not an extraordinary circumstance justifying equitable tolling)); see also *United States v. Cook,* 105 F. Supp. 2d 1013, 1014-15 (E.D. Wis. 2000) (holding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"); *Posada v. Schomig,* 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999) (the fact that a prison was sometimes on lock-down, preventing access to the prison law library, does not establish "extraordinary circumstances" justifying equitable tolling). Furthermore, if Petitioner had argued that he was ignorant of the fact that his successive postconviction petition would not toll the statute of limitations, such ignorance of the law or of the limitations period would not be sufficient to warrant equitable tolling. *U.S. ex rel Ford v. Page*, 132 F. Supp. 2d 1112, 1115-1116 (N.D. Ill. 2002) (collecting cases); *U.S. ex rel. Gilyana v. Sternes*, 180 F. Supp. 2d 978, 984 (N.D. Ill. 2001) (citing *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996)).

Second, the record does not show that Petitioner has been diligently pursuing his rights. As discussed above, Petitioner allowed nearly three years of untolled time to lapse following the conclusion of his direct appeal before filing his federal habeas petition. While Petitioner has been consistently pursuing relief in the state courts, he offers no explanation (and none is apparent to the Court on the record presented) that would excuse his delay in filing the instant federal habeas petition. Petitioner offers no explanation as to why, after the state trial court denied his request for leave to file his successive postconviction petition, he did not then immediately file a petition for habeas relief in federal court. Equitable tolling is therefore not warranted, and Petitioner's habeas petition is time-barred. And because the petition is time-barred pursuant to 28 U.S.C. § 2244(d), the dismissal is with prejudice.

Finally, because the Court has entered a final order adverse to Petitioner, the Court also is required to determine whether a certificate of appealability should issue on Petitioner's claims. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (eff. Dec. 1, 2009). To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court denies habeas relief on procedural grounds, including untimeliness, without reaching the merits of the petitioner's claim, a certificate of appealability should issue only if the petitioner has shown both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained above, it is not debatable that the instant petition is time-barred. Therefore, this Court does not certify any of Petitioner's claims for appeal. However, the Court notes that under Section 2254 Rule 11(a), Petitioner may seek such a certificate from the Seventh Circuit Court of Appeals.

**III. Conclusion**

For the foregoing reasons, the Court grants Respondent's motion to dismiss the petition for a writ of habeas corpus [14]. Petitioner's petition for habeas corpus [1] is dismissed with prejudice.

Dated: January 31, 2011  _____
Robert M. Dow, Jr.
United States District Judge